UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 04-CR-10336-NMG |
| v. | ) |
| | ) |
| JULIO CARRION SANTIAGO et al. | ) |
| | ) |

**ASSENTED-TO MOTION TO ENLARGE THE TIME FOR THE GOVERNMENT TO FILE ITS RESPONSE TO THE JOINT DEFENSE DISCOVERY LETTER**

The government, by and through the undersigned attorneys, and with the assent of defense counsel, now moves to enlarge the time for filing its response to the joint discovery letter of the defendants to March 17, 2005. In support of this motion, the government states:

1. The discovery letter (dated February 28, 2005) incorporates the discovery requests of eleven defendants and concerns charges arising out of a lengthy wiretap investigation.

2. The government's response to the discovery letter would have been due on or about March 14, 2005.

3. No trial date has yet been set in this matter and any motions to suppress are not due to be filed until April 13, 2005.

4. The government anticipates that some of its response may have eliminated (or narrowed) the issues that the defendants may want to address by discovery motion.

5. Counsel for the defendants (through Attorney Catherine Byrne, the author of the discovery letter on behalf of all

-1-

defendants) assent to this motion.

WHEREFORE, the government respectfully requests to file the discovery letter response on March 17, 2005.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By: _____
            DENISE JEFFERSON CASPER
            Assistant U.S. Attorney
            (617) 748-3120

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record a copy of the foregoing document by fax and by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery.

This 17th day of March 2005.

                                      _____
                                        DENISE JEFFERSON CASPER
                                        ASSISTANT UNITED STATES ATTORNEY



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                *United States Courthouse, Suite 9200*
                                                *1 Courthouse Way*
                                                *Boston, Massachusetts 02210*

March 17, 2005

**VIA TELECOPIER & REGULAR MAIL**

Victoria Bonilla-Argudo, Esq.
Bourbeau & Bonilla
77 Central Street, 2nd Floor
Boston, MA  02109

Cathy Byrne, Esq.
Office of the Federal Defender
408 Atlantic Avenue, Third Floor
Boston, MA  02108

Valerie S. Carter, Esq.
Carter & D, LLP
530 Atlantic Avenue
Boston, MA 02210

John Cicilline, Esq.
387 Atwells Avenue
Providence, RI 02909

Carl Donaldson, Esq.
11 Beacon Street
Suite 600
Boston, MA 02108

Lenore M. Glaser, Esq.
25 Kingston Street
Boston, MA 02111

Robert Goldstein, Esq.
114 State Street
Boston, MA 02109

John D. Hodges
1360 Main Street
Tewksbury, MA 01876

John Palmer, Esq.
24 School Street
Boston, MA  02108

Tony Scola, Esq.
47 Harvard Street
Worcester, MA 02609

Roger Witkin, Esq.
6 Beacon Street
Suite 1010
Boston, MA 02108


Re:  United States v. Julio Santiago et al.
     Criminal No. 04-10336-NMG

Dear Counsel:

This letter is in response to the discovery letter on behalf of your clients in the referenced matter.  I have addressed each of your requests below.

*Request No. 1 (Books, papers, documents, etc.)*

a.  *Original photographs.*  As you are aware, the government has previously produced copies of photographs that it may use in its case-in-chief to you as part of automatic discovery.  (Bates #1250-73; 1496; 1571-84).  Originals of these photographs are available for your inspection upon request at a mutually convenient time.

b. *Request of photographic duplications or inspection of same shown to witnesses.*  The government objects to this request to the extent that it seeks more than the Local Rules require.  The government, however, notes that it previously produced copies of photographs shown in the course of identification procedures of the defendants with witnesses whom the government may call at trial pursuant to Local Rule 116.1(C)(1)(f).  (Bates #1273-74).

c.  *Any chart, summary, diagram, etc. that will be used by the government at trial.*  The government objects to this request to the extent it seeks production of trial chalks before they are required to be produced under Local Rule 117.1(A)(8)(b).  The government notes, however, that it has previously produced a chart (Bates #1273) as part of automatic discovery.

d.  *Any chart, summary, diagram, etc. that was created, marked*

2

*or reviewed by any witness.* The government objects to this request. To the extent that this request is seeking the production of Jencks materials, the government objects and notes that it will make the requisite disclosures under Fed. R. Crim. P. 26.2 in the time and manner provided in that rule and Local Rule 117.1(A)(5).

e. & f. *Additional information sought regarding fingerprint/palmprint evidence.* The government objects to this request to the extent that it seeks more information than required to be produced under Rule 16(a)(1)(F). The government notes that it had produced reports and results of fingerprint testing in connection with automatic discovery. (Bates #1141, 1249, 1144, 1494-95).

g. *Toll record and pen registers.* The government produced the pen register data for the Target Telephones and Torrado's telephone in connection with automatic discovery. (Bates #1502-47; 1550-70). The telephone toll records are quite voluminous. If counsel indicates for which telephone (by target or telephone number and for what time period) they would like to review toll records, the government can make those portions of the records available for inspection upon request at a mutually convenient time.

h. *Logs of recorded conversations and any logs of any government surveillance.* The government notes that it has previously produced line sheets of all of the intercepted calls as part of automatic discovery. Although not required to do so, it has produced many reports regarding surveillance during the wiretap investigation. To the extent that this request is seeking the production of Jencks materials, the government objects and notes that it will make the requisite disclosures under Fed. R. Crim. P. 26.2 in the time and manner provided in that rule and Local Rule 117.1(A)(5).

2. *Reports of physical or mental examinations and scientific tests or experiments regarding fingerprints and drug analysis and weight.* The government objects to this request to the extent that it seeks more information than required to be produced under Rule 16(a)(1)(F). The government notes that it had produced reports and results of fingerprint testing and drug analysis and weight in connection with automatic discovery. The government also notes that the deadline that the Court set (in its initial status conference report, dated January 5, 2005) for expert disclosures by the government was 45 days before trial (21 days before trial for reciprocal disclosures by defendants) and the government will make the appropriate expert disclosures by that time.

   3. *Bill of particulars.*

   a. *Allegations in the conspiracy count of the Indictment.*
The government objects to this request since the charges in the indictment provide the defendants with the necessary information about the nature and scope of the alleged offenses. Moreover, the government has provided voluminous materials in automatic discovery that far exceeds what is required. Because this information has given defendants substantial details of the alleged offenses, a bill of particulars is not necessary or warranted.

   b. *Allegations in "Notice of Additional Factors."* The government incorporates by reference the objection to subsection a above. The government, however, notes that it did not object to Defendant Nunez's motion to strike the "Notice of Additional Factors" from the Indictment. It is the government's position that in light of Booker, sentencing factors do not need to be alleged in an indictment or proven at trial. (The information in the "Notice of Additional Factors," however, may still be useful to counsel as an indication of the government's position as to each defendant for sentencing purposes).

   4. *Information concerning identifications (a-f).* The government objects to this request to the extent that it requests more than required under the Local Rules (specifically, Local Rules 116.1(C)(1)(f) and 116.2(B)(1)(f)). The government notes that it has previously provided information in accordance with the Local Rules about this matter.

   5. *Exculpatory evidence.*

   The government objects to all subsections of this request to the extent that they seek more information than required to be produced under Local Rule 116.2(B)(1) and/or seeks production of information required to be produced 21 days before trial under Local Rule 116.2(B)(2) now.

   a. The government's objection is noted above, but the government is not aware of any lost or destroyed evidence.

   b. The government's objection is noted above.

   c. The government objects on the ground that the government is not obligated to disclose any promises, rewards or inducements offered to a defendant unless the government intends to call that defendant as a witness at trial in its case-in-chief pursuant to Local Rule 116.2(B)(1)(c). To the extent that this question was asking for disclosure of any promises, awards or inducements to

4

cooperating witnesses that the government intends to call at trial, the government has already made the requisite disclosures about CW#1, CW#2 and CW#3 in its automatic discovery letter pursuant to Local Rules 116.1(C) and 116.2(B)(1).

    6. *Other Law Enforcement Agencies.*

      a. *Notice provided to law enforcement under Local Rule 116.8.* The government objects to this request. The government is aware of its obligations under the Local Rules.

    7. *Expert Testimony (a-e).* The government does not agree that a witness regarding the use of "coded language" during recorded phone calls needs to be qualified as an "expert" at trial to testify on this topic. In an attempt to respond to this request, however, the government anticipates that the case agent (DEA Task Force Agent Terry Hanson) and/or other law enforcement officers will testify about the meaning of same based upon their training and experience and involvement in this investigation. The deadline that the Court set (in its initial status conference report, dated January 5, 2005) for expert disclosures by the government was 45 days before trial (21 days before trial for reciprocal disclosures by defendants) and the government will make the appropriate expert disclosures by that time.

    8. *Voice Identification.* The government objects to this request. The government, however, notes that it disclosed information about voice identification that was done by DEA Task Force Agent Marcos Chavez. TFA Chavez, a Spanish speaker, was the undercover agents for the drug purchases from Reyes and Arroyo and was one of the monitors during the wiretap interceptions. Chavez conducted and/or was present for the bookings on October 15, 2004 of the defendants who were arrested in Massachusetts (that is, all defendants except Santiago, Nunez and Arroyo). On that day, Chavez also spoke to Nunez by telephone from New York. Based upon his previous interactions with the defendants and/or monitoring intercepted phone calls and listening to their voices on October 15, 2004, Chavez was able to identify the defendants' voices. The government notes, however, that the identification of the defendants occurred through a combination of information regarding intercepted calls, surveillance, subscriber information, photo identifications, voice identification and other evidence.

    9. *Prior conviction of Pedro Miranda.* I am in the process of confirming or refuting that the Pedro Miranda previously convicted in Middlesex Superior Court in 1997 is the same person as the Pedro Miranda (a/k/a Carlos Colon) charged in this matter. I expect that I will receive that information within the week and I will promptly

share it with his counsel, John Palmer, at that time.

If you have any questions about this matter, please feel free to contact me at the telephone number below.

>                                  Very truly yours,
>
>                                  MICHAEL J. SULLIVAN
>                                  United States Attorney
>
>                              By: /s/ Denise Jefferson Casper
>                                  Denise Jefferson Casper
>                                  Assistant U.S. Attorney
>                                  (617) 748-3120

cc: Noreen Russo,
    Chambers of the Honorable Robert B. Collings