UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
      v. )
) Criminal No. 04-10336-NMG
JULIO SANTIAGO et al. )
    Defendants )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States of America by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William F. Bloomer, Assistant United States Attorney, hereby submits its opposition to the Motion to Dismiss Count Seven of the Indictment filed by defendant Julio Santiago ("Santiago") on or about August 25, 2006.

**ARGUMENT**

First, Santiago has failed to file his motion within the schedule set by the Court for pretrial motions pursuant to Fed. R. Crim. P. 12(c) and LR 7.1(a), and therefore Santiago's suppression motion at this late juncture should be summarily denied, or, in the alternative, deemed waived under Fed. R. Crim. P. 12(e).[1]

---

[1] Magistrate Judge Robert B. Collings' Order after Final Status Conference Pursuant to Local Rule 116.5(C) specifically noted the parties had agreed that all non-discovery type motions, including suppression, severance and dismissal motions, had been filed. (DE 183).

Pursuant to Local Rule 7.1(A) and Fed. R. Crim. P. 12(c), this Court had set a framework for the disposition of motions which was followed by all parties in this case. It should be enforced.

1

Second, Santiago's motion, which consists of one sentence, cites no authority in support of his contention that Count Seven

---

Rule 12(e) of the Federal Rules of Criminal Procedure provides,

**Waiver of Defense, Objection, or Request.** A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from waiver.

No "good cause" exists to allow the filing at this late juncture. Following the arrests and charging of the defendants in October 2004, several pretrial suppression motions were filed and subsequently denied. Defendant Santiago was represented by present counsel at all times during pretrial litigation. On April 12, 2005, defendant Edwin Torrez filed a motion to suppress. (DE 124). The very next day, defendant Julio Santiago filed a suppression motion. (DE 128). On May 11, 2005, defendant Zuleima Reyes filed a motion to suppress the evidence derived from the wiretaps. (DE 134). Five days later, defendant Pedro Miranda filed a motion to suppress. (DE 138). Per order of the Court, the government was permitted to file its oppositions to these motions on June 6, 2005. (DE 04/29/05). The government complied with the filing schedule and filed its oppositions on June 6, 2005. (DE 144 & 145). On June 17, 2005, defendant Luis Sanchez, complying with this Court's motion filing deadline (DE 04/29/05), filed a motion to suppress the evidence derived from electronic surveillance. (DE 151). The government similarly complied with the Court's motion schedule, (DE 04/29/05), and filed its opposition on June 27, 2005. (DE 154). Except where specific allowances were made by the Court, all of the above-cited suppression motions were filed within the time frame allotted by the Court.

On September 20, 2005, Judge Nathaniel M. Gorton denied Santiago's, Reyes', and Luis Sanchez's motions to suppress. (DE 170). On November 2, 2005, following an evidentiary hearing, Judge Gorton denied Torrez's suppression motion. (DE 188). On December 12, 2005, Miranda's motion to suppress was denied following an evidentiary hearing. Trial was scheduled for March 27, 2006, (DE 11/01/05), although it was subsequently continued to October 16, 2006, due to scheduling conflicts (DE 02/13/06). On August 25, 2006, without leave from the Court, Santiago filed the present tardy Motion to Dismiss.

"does not charge a crime cognizable at law." He submits no accompanying memorandum of law, in direct violation of Local Rule 7.1(B)(1), stating why the requested relief should be granted. Indeed, he offers no argument whatsoever in support of his motion. Because Santiago has failed to put forth any colorable basis in support of his claim, and because he has failed to comply with the Local Rules and this Court's previously imposed motion deadline, his motion should be summarily denied. See United States v. Zannino, 895 F.2d 1, 17-18 (1st Cir. 1990) (citing settled appellate rule that issues adverted to in perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived . . . "'Judges are not mindreaders. Consequently, a litigant has an obligation 'to spell out arguments squarely and distinctly, or else forever hold its peace.'" (citations omitted).

Third, Count Seven of the Superseding Indictment in any event is patently sound. Specifically, it charges that Santiago did "knowingly, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States (to wit: the crime charged in Count I of this indictment, possess firearms (to wit: 9mm Luger, Model AP9, serial number 033232; and three metal cylindrical devices that are firearm muffler and firearm silences) . . . All in violation of Title 18, United States Code, Section 924(c)." Any claim that the indictment

fails to state a crime cognizable at law is specious at best.

## CONCLUSION

For the above-stated reasons, the government respectfully urges this Court to deny Santiago's motion to dismiss.

>                                    Respectfully submitted,
>
>                                    MICHAEL J. SULLIVAN
>                                    United States Attorney
>
>                              By:   /s/William F. Bloomer
>                                    William F. Bloomer
>                                    Assistant U.S. Attorney
>                                    (617) 748-3644
>                                    BBO # 553104
>                                    william.bloomer@usdoj.gov

Dated: 1 September 2006


## CERTIFICATE OF SERVICE

I, William F. Bloomer, hereby certify that this document filed through the ECF system on September 1, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non registered participants this date via US Postal Service, postage prepaid.

>                                    /s/William F. Bloomer
>                                    WILLIAM F. BLOOMER

Date: 1 September 2006