# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    v.                                          CRIMINAL NO. 2004-10336-NMG-07

CARLOS SANCHEZ,
      Defendant.

## *REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (# 527) AND GOVERNMENT'S…REQUEST FOR SUMMARY DISMISSAL (# 550)*

COLLINGS, U.S.M.J.

### *I. Introduction*

Petitioner/defendant Carlos Sanchez ("Sanchez" or "the petitioner") seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel at sentencing. In particular, Sanchez claims

that his trial counsel failed to apply for a safety-valve reduction on Sanchez's behalf, and failed to advise Sanchez properly on the availability of a safety-valve reduction. The government moves to dismiss the petition summarily on the grounds, *inter alia*, that Sanchez filed his petition outside the one-year limitations period set out in 28 U.S.C. § 2255(f)(1) (limitations period runs from "the date on which the judgment of conviction becomes final"). Sanchez concedes that he filed his petition well after his conviction became final, but contends that the limitations period should begin running in his case on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4). For the reasons set out below, the Court recommends rejecting this argument and dismissing the petition as untimely.[1]

## II. Factual Background

The pertinent facts can be quickly summarized. After a ten-day trial, a jury found Sanchez guilty of conspiring to distribute heroin. Sanchez was sentenced on March 28, 2007 to 127 months incarceration. He filed a notice of appeal on April 6, 2007. On November 7, 2008, he voluntarily moved to

---

[1] The government also moves for summary dismissal on the merits. Given the Court's recommended disposition on timeliness grounds, the Court need not reach the alternative merits-based arguments.

dismiss the appeal "so that he might pursue a motion to vacate his sentence pursuant to 28 U.S.C. § 2255." (# 528 at 3) The First Circuit granted his motion on November 7, 2008. (# 474)

On June 10, 2010, the petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (# 527), along with a memorandum in support (# 528) and accompanying affidavits (## 529-531). In the petition, Sanchez, who is represented by counsel, asserts a Sixth Amendment claim of ineffective assistance of trial counsel. On October 22, 2010, the government filed a Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 and Request for Summary Dismissal (# 550). The petitioner filed a Reply to Government's Response to Defendant's Motion Pursuant to 28 U.S.C. § 2255 (# 552). The government, with leave, filed a Response to Defendant's Reply Memorandum (# 560), and the petitioner filed a Reply to Government's Timeliness Argument (# 564). The motion to vacate and the government's motion for summary dismissal are therefore poised for resolution.

### III. Discussion

Sanchez asserts one claim in his petition, *viz.*, that "[c]ounsel was ineffective in that he failed to apply for a reduction of the petitioner's sentence

based on [USSG] § 5C2.1, and petitioner was prejudiced by this failure because, but for the failings of counsel, he would have sought to interview with the Government thereby meeting all five criteria for the safety-valve downward departure." (# 527 at 1) Without the safety-valve reduction, Sanchez was subject to a ten-year statutory mandatory minimum. In support of his motion, Sanchez avers that his trial counsel told him that he could qualify for a safety-valve reduction only if Sanchez was "prepared to testify against other individuals at trial." (# 529 ¶ 17) Sanchez argues that this advice was wrong because he could have qualified for the safety-valve reduction under USSG § 5C2.1(a)(5) by "engag[ing] in a proffer interview with the government." (# 528 at 5) Sanchez further avers that he decided not to cooperate with the government on the basis of his counsel's incorrect advice because he feared the harm that might befall him or his family if he were to testify against others. (# 529 ¶¶ 18-22)

Sanchez concedes that he did not file his section 2255 petition within a year of his conviction becoming final. Instead, he invokes 28 U.S.C. § 2255(f)(4) as the operative provision, which provides that the limitations period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

4

In Sanchez's view, the factual predicate underlying this claim "did not come to light until it became clear on October 23, 2009, that [trial counsel] did not know what he advised the defendant . . . with respect to the safety valve." (# 552 at 1-2)

This argument lacks merit. Sanchez himself learned the factual predicate for the claim at the time that he and his trial counsel discussed whether Sanchez was eligible for the safety valve: Sanchez surely knew how his trial counsel advised him, and he knew the details of his conversations with counsel. That Sanchez only later discovered the legal import of those discussions is insufficient to satisfy this provision of the statute. *See Barreto-Barreto v. United States*, 551 F.3d 95, 100 n.4 (1st Cir. 2008) ("the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)"); *see also Wiseman v. United States*, 07-11539-MLW, 2010 WL 3749474, at *2 (D. Mass. Sept. 20, 2010) ("[B]ecause defendant was present when his attorney failed to object [at sentencing], defendant knew or could have discovered the relevant facts at the time of sentencing [under § 2255(f)(4)]. Defendant's allegation that he only recently recognized the legal significance of those facts is irrelevant."); *Phillips v. Spencer*, 477 F. Supp.2d 306, 311-312 (D. Mass. 2007) ("That [petitioner] did

not allegedly discover until [three years after conviction became final] that his trial counsel's advice was misleading and inaccurate is unfortunate but, nevertheless, unavailing under the language of § 2244(d)(1)(D) [section 2254's counterpart to section 2255(f)(4)].").

In a related argument, Sanchez suggests that First Circuit law required him to bolster his habeas case before filing the petition, and that, therefore, he attempted to amass his evidence–including anything his trial counsel could remember–before filing his petition. (# 564 at 2) Sanchez's habeas counsel avers that Sanchez's trial counsel failed to return his many phone calls as he attempted to prepare the instant habeas petition. (# 531 ¶¶ 8, 9, 17) Sanchez thus attributes the delay in filing the instant habeas petition to the difficulty his habeas counsel experienced in gathering evidence to corroborate Sanchez's statements.

This argument is unavailing. The habeas statute of limitations is not extended "while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (rejecting argument that trial counsel's affidavit formed part of the factual predicate of petitioner's suit where petitioner's own

affidavit set forth the legal and factual predicate of the claim); *see also Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004) ("A desire to see more information in the hope that something will turn up differs from 'the factual predicate of [a] claim or claims' for purposes of § 2244(d)(1)(D)."), *cert. denied*, 544 U.S. 926 (2005). Rather, the statute provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), a petition will not be dismissed without further development of the record, *id.* Although it is true that a habeas court may dismiss a section 2255 claim without holding an evidentiary hearing if it determines that the petitioner's allegations "are merely conclusory, contradicted by the record, or inherently incredible," *Owens v. United States*, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks and citation omitted), it is not the case that a petitioner's affidavit, if credible and sufficiently detailed, would be insufficient standing alone to make out a plausible claim for relief, especially if nothing in the underlying record belied that claim. The Supreme Court has itself set the standard:

> This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court. The factual allegations contained in the

> petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection.

*Machibroda v. United States*, 368 U.S. 487, 494-495 (1962), *cited in David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998) (noting that "[i]nferior courts have routinely applied the *Machibroda* standard in determining the need for evidentiary hearings on section 2255 motions").[2]

In short, trial counsel's memory of how he advised Sanchez about the safety valve has no bearing on when Sanchez himself could have discovered the factual predicate of the underlying claim here. Indeed, at the district court's direction, trial counsel ultimately filed an affidavit (# 548) in which he

---

[2] *David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998), on which petitioner relies, does not suggest that an affidavit standing alone is necessarily insufficient. Rather, *David* makes clear that an affidavit must contain the "[w]ho, what, when, where, and how details" in order to "place[] matters of ascertainable fact at issue and…bolster[] the case for an evidentiary hearing." *Id.*

contradicted Sanchez's allegations.³ Thus, Sanchez's case would have been no stronger if Sanchez had been able to contact trial counsel earlier. *Cf. United States v. Pallotta*, 433 F.2d 594, 595 (1ˢᵗ Cir. 1970) ("[W]e do not find the failure of counsel to recall the events alleged by defendant conclusive in this case. Hearings are often required even when the officials involved or the witnesses have presented affidavits directly contradicting petitioners' allegations.").

## IV. Conclusion

For all the above reasons, the Court recommends that the Government's ...Request for Summary Dismissal (# 550) be ALLOWED, that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (# 527) be DENIED, and that judgment to that effect enter forthwith.

## V. Review by the District Judge

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion

---

³ Sanchez correctly observes that trial counsel's affidavit appears to copy, without attribution, from a criminal defense blog, and that trial counsel improperly suggests that these words constituted his memory of events. The Court agrees that these facts render the affidavit questionable. Nevertheless, for the reasons stated above, the affidavit, though suspect, has no bearing on the analysis.

of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete,* 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

April 27, 2011.